**Affirmed and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00721-CR

---

**BRENETTA SHERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1389343**

---

## MEMORANDUM OPINION

Appellant Brenetta Sherman appeals the trial court's entry of a judgment nunc pro tunc. In a single issue appellant argues the trial court erred in entering a judgment nunc pro tunc after expiration of its plenary power. We affirm.

### BACKGROUND

A jury convicted appellant of theft. Appellant's conviction was affirmed by this court on March 5, 2015. *See Sherman v. State*, No. 14-14-00335-CR; 2015 WL

1020810 (Tex. App.—Houston [14th Dist.] Mar. 5, 2015, pet. ref'd) (not designated for publication). The trial court's judgment in appellant's first appeal erroneously recited that appellant waived her right to a jury trial and was sentenced by the court pursuant to a plea bargain agreement.

In affirming appellant's conviction, this court determined that the trial court's judgment did not comply with article 42.01 of the Texas Code of Criminal Procedure in that the judgment inaccurately reflected (1) a plea to the court; (2) a plea bargain agreement; (3) no verdict of the jury; and (4) no notation of whether the jury was charged by the court. *Id.* at *3. Because the record accurately reflected that appellant entered a plea of not guilty to a jury, and the jury assessed punishment, this court had authority to modify the trial court's judgment to speak the truth. *Id.*, citing *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) and *Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth"). Pursuant to Texas Rule of Appellate Procedure 43.2(b), this court modified the trial court's judgment to reflect that (1) appellant entered a plea of not guilty to a jury; (2) the jury was charged by the court; (3) the jury found appellant guilty; and (4) the jury assessed punishment at four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *Sherman*, 2015 WL 1020810 at *3. As modified, we affirmed the court's judgment. *Id.*

Following issuance of this court's mandate, the trial court signed a judgment nunc pro tunc to correct the judgment to reflect a judgment pursuant to this court's opinion. Appellant filed a timely notice of appeal from the judgment nunc pro tunc. In her sole issue on appeal appellant argues the trial court erred in entering the judgment nunc pro tunc because the trial court signed the judgment after its

2

plenary power expired.

ANALYSIS

Appellant argues that the trial court had no authority to act outside its plenary power, which expired prior to this court's original opinion. A trial court has the authority to correct clerical mistakes in a judgment nunc pro tunc after expiration of plenary power. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Meineke v. State*, 171 S.W.3d 551, 555 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Therefore, if the trial court corrected only a clerical mistake, not a judicial error, it was permissible to enter a judgment nunc pro tunc after expiration of the court's plenary power.

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). Corrections are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *See id*. at 898. A nunc pro tunc judgment is an appealable order. *Id*. at 903, 904.

Use of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past. *Id*.; *Gomez v. State*, 459 S.W.3d 651, 666 (Tex. App.—Tyler 2015, pet. ref'd). Therefore, before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

In this case, the trial court changed the judgment to accurately reflect that appellant was tried and sentenced by a jury. The correction reflected what happened at trial; appellant pleaded not guilty to a jury, was found guilty by a jury,

3

and her punishment assessed by a jury. *See Sherman*, 2015 WL 1020810 at *3. Because the trial court's judgment nunc pro tunc corrected a clerical error, the trial court retained authority to enter the judgment after expiration of its plenary power. *See Bates*, 889 S.W.2d at 309. We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.


PER CURIAM



Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).