

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00194-CR

_____

TERRY RIDGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45129-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# M E M O R A N D U M  O P I N I O N

Terry Ridge was convicted of possession of less than one gram of a controlled substance[1] and sentenced to twelve months' confinement in state jail. On appeal, he contends that the evidence is legally insufficient to support his conviction. Finding sufficient evidence, we affirm the trial court's judgment.

## I.    Factual Background

In August 2015, Officer DeeAnn Brown of the Kilgore Police Department stopped at a Circle K convenience store to get a drink. While in the store, she noticed two men, Ridge and James Howell, acting strangely. The men appeared disoriented as they stood at the fountain drink dispenser. Brown saw them repeatedly overfill their cups with ice and soda and then "walk up to the counter to pay for their drinks, spilling the drinks all over the counter, attempting to wipe it up." She watched the men leave the store and walk to a vehicle parked at one of the gas pumps. Ridge lit a cigarette while attempting to pump gas into the car. At that point, she approached the men and had them step away from the vehicle.

Brown testified that Ridge "was acting real nervous" and that he attempted to get back into the vehicle several times. Corporal Andre Phillips and Officer Jarod Sears, who arrived on the scene in response to Brown's call for backup, administered field-sobriety tests to the two men. Brown and Phillips testified that Ridge was unsteady on his feet and had red, glassy eyes, indicating that he could be intoxicated. Phillips noticed that Ridge also had difficulty keeping his

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

2

eyes open. However, Phillips did not smell alcohol on Ridge's breath, and he passed the horizontal-gaze nystagmus test.

Ridge told Phillips that he suffered from back pain, and he showed the officers a prescription bottle bearing his name. He also told Phillips that Howell may have stolen some of his pain medication and placed it in a white container in the vehicle. Ridge acknowledged that the car belonged to a friend of his, "but he had care, custody[,] and control" of it, and he gave the officers permission to search it. Sears searched the car, and he discovered a towel stuffed between the passenger and driver seats. Wrapped up in the towel was a small white container containing several pills identical to those prescribed to Ridge as well as a substance later determined to be methamphetamine. Ridge was arrested, charged, and subsequently convicted of possessing less than one gram of a controlled substance (namely methamphetamine), a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115.

## II. There is Legally Sufficient Evidence that Ridge Possessed the Contraband

In his sole point of error, Ridge contends that the evidence supporting his conviction is legally insufficient[2] because the substance was found in a borrowed vehicle "between seats . . . where another had access, and no fingerprinting was attempted on the container in which the illegal substance was found."

---

[2]Ridge also argues that the evidence is factually insufficient to sustain the verdict. While Ridge acknowledges that *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.), abolished factual sufficiency reviews in criminal cases, he contends that the issue was reexamined in the Court of Criminal Appeals' unpublished case, *Walker v. State*, Nos. PD-1429-14, PD-1430-14, 2016 WL 6092523 (Tex. Crim. App. Oct. 19, 2016) (not designated for publication). However, the Court of Criminal Appeals decided *Walker* without addressing whether the *Brooks* opinion should be overruled. *Id.* at *2 n.1. Therefore, *Brooks* remains the controlling precedent, and we do not address factual sufficiency claims.

3

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 912 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses less than one gram of a controlled substance, such as methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2016). To

4

prove unlawful possession of a controlled substance, the State must establish beyond a reasonable doubt that "(1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The elements of possession may be proved through either direct or circumstantial evidence, but the evidence must establish that the accused's connection with the substance was more than fortuitous. *Id.* at 405–06.

To show more than a mere fortuitous connection, the evidence must affirmatively link the accused to the contraband by a showing that indicates the accused's knowledge and control of the contraband. *Waldon v. State*, 579 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1979). Mere presence of the accused at the scene of the offense is not enough to establish possession; the accused must exercise dominion and control over the thing allegedly possessed. *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App.—El Paso 1995, pet. ref'd) (citing *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)). When the accused is not in exclusive control of the place where the contraband was discovered, the State must show additional facts and circumstances that affirmatively link him to the contraband and "generate[] a reasonable inference that the accused knew of the contraband's existence and exercised control over it." *Haggerty v. State*, 429 S.W.3d 1, 5–6 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Some affirmative links that courts look to include, but are not limited to, (1) the defendant's presence when the search was executed, (2) the defendant's proximity and access to the contraband, (3) whether the defendant appeared intoxicated as result of the use of the contraband, (4) whether the place where drugs were found was enclosed, and (5) whether the defendant owned or had a right to possess the

5

location where the drugs were found. *Id*. Despite the long list of possible links, "there is no set formula of facts that necessitate a finding of an affirmative link sufficient to support an inference of knowing possession. Rather, affirmative links are established by a totality of the circumstances." *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citation omitted).

Having reviewed the record in light of these standards, we conclude that the "logical force of all the evidence" is sufficient to affirmatively link Ridge to the contraband. *See Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Here, even though Ridge did not own the car in which the contraband was found, he had control of and access to the vehicle because he admitted that he borrowed the car, he was seen pumping gas into it, and he granted the police officers permission to search it. Ridge was present when the search occurred and had access to the contraband. *See Haggerty*, 429 S.W.3d at 5–6. Because Ridge was acting strangely, was unsteady on his feet, and had red, glassy eyes, the officers believed he was intoxicated. Before the vehicle was searched, Ridge told the officers that he believed Howell had stolen some of his medication and "had it in a white container . . . in the vehicle." The contraband was found in a hidden container matching Ridge's description, and the container also held prescription pills identical to those legally possessed by Ridge. Even though the container was not dusted for fingerprints, such evidence is not necessary to sustain a finding of guilt in this case. Ridge being affirmatively linked to the contraband, and having viewed the evidence in the light most favorable to the verdict, we conclude that the court's finding of guilt is supported by legally sufficient evidence. Accordingly, we overrule this point of error.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     April 17, 2017
Date Decided:      May 25, 2017

Do Not Publish