# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00410-CR

---

**Rick Allen Hirst, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A-18-0749-SB, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Rick Allen Hirst pled guilty to the first-degree-felony offense of possession with intent to deliver a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.102(6), .112(d); Tex. Penal Code § 12.32. The district court accepted the State's plea agreement with Hirst, found him guilty, and assessed Hirst's punishment at seventeen years' imprisonment consistent with that agreement. Before pleading guilty, Hirst filed a motion to disclose the identity of a confidential informant, which the district court denied.

In one issue on appeal, Hirst contends that the district court abused its discretion by not conducting an in camera hearing to determine whether the informant's testimony was necessary to a fair determination of Hirst's guilt or innocence or would provide evidence of a possible entrapment defense. We will affirm the district court's judgment of conviction.

BACKGROUND

After a grand jury indicted Hirst for possession with intent to deliver a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams, he filed a "Motion to Require Disclosure of All Informers Relied Upon and for Production of Said Informers in Open Court." The district court heard Hirst's motion. At the start of the hearing, the State asserted privilege under Texas Rule of Evidence 508, allowing it to withhold the identity of a person who has provided information to a law-enforcement officer that relates to, or assists in, the investigation of a possible violation of law. *See* Tex. R. Evid. 508(a); *Coleman v. State*, 577 S.W.3d 623, 635 (Tex. App.—Fort Worth 2019, no pet.). But Hirst contended that an exception to the Rule 508 privilege would apply if the confidential informant was "the one who brought the stuff," along with the bags and scale, because then "the informant's testimony would be material as to the issue of possess[ion] with intent to deliver." *See* Tex. R. Evid. 508(c)(2)(A) (providing that in criminal case, privilege against disclosure of informant's identity does not apply if trial court finds existence of reasonable probability that informer can give testimony "necessary to a fair determination of guilt or innocence"). Before testimony began, the district court admitted exhibits into evidence, including the affidavit for the search-and-arrest-warrant, the search warrant, the search-warrant return, and an audio recording of Hirst's custodial statement to police. Hirst stipulated that when the search warrant was executed, the confidential informant was not present.

Detective Travis McGee of the Street Crimes Division of the San Angelo Police Department was the only witness on Hirst's motion. Detective McGee stated that on the date of the arrest, he applied for a search warrant for a motel room based on information from a confidential informant who had previously provided him with truthful information about illegal

drug activity. Detective McGee testified that he believed the confidential informant to be reliable and credible.

Detective McGee's affidavit for the search-and-arrest warrant alleged that the confidential informant told him that Hirst possessed a quantity of methamphetamine in a motel room within the preceding twenty-four hours. The confidential informant further stated that Hirst was involved in the distribution of methamphetamine in San Angelo and that the confidential informant had seen and recognized the substance Hirst possessed as methamphetamine. Detective McGee averred that the informant had provided "true, reliable, and correct" information about illegal drug activity on three different occasions in the preceding two months.

Detective McGee testified that he executed the search warrant and noted that the informant was not present during the search or when the methamphetamine was found in the motel room. Aside from providing the information incorporated into the search-warrant affidavit, the informant did not participate in or witness any law-enforcement activities. The search-warrant return that Detective McGee completed contained a list of the items seized from inside Hirst's motel room: five plastic bags containing a crystal-like substance of suspected methamphetamine; ten round orange pills; forty-eight blue pills; eleven white pills; four pieces of a white pill; one silver spoon; one black-and-silver spoon; one box of plastic bags; and one digital scale. Detective McGee testified that the items found during the search led to Hirst's arrest for "[m]anufacture and delivery of a controlled substance, Penalty Group 1, four grams to two hundred grams of methamphetamine." On cross examination, Detective McGee acknowledged that the informant's tip was the sole basis for the search warrant and that the informant did not perform any controlled buy from Hirst.

When Detective McGee concluded his testimony, the State contended that Hirst had not met his burden of demonstrating that the confidential informant's identity must be disclosed by making a "plausible showing" of how the informant's information might be important "and, therefore, the motion should be denied on its face." The district court took a recess to listen to the audio recording of Hirst's custodial statement to police that was made when he was arrested. On the recording, Hirst stated that a man he knew—"David Stein, or Stein-something"—came by and "left some shit." When asked what he meant by "shit," Hirst stated, "Uh dope, uh meth." Police asked Hirst whether they would find any "dope talk" on his phone, showing that Hirst agreed for the man to come by and "front [him] some dope." Hirst stated, "No, I didn't ask him to front me anything. . . . But trying to sell some, I've been trying to sell some. I mean, uh, just to, I mean, we needed some money for uh, you know, just everyday things like drinks, food, you know." Hirst also told police that the last time he "used" was 6:00 or 7:00 that morning, shooting up some of what the man brought to him.

After listening to the recording, the district court ruled that Hirst "ha[d] not met the initial burden that is required" and overruled the motion to disclose the confidential informant's identity. Hirst pled guilty, and the district court found him guilty and assessed punishment. This appeal followed.

## DISCUSSION

### Denial of motion to disclose identity of confidential informant without in camera hearing

Hirst contends that the district court erred by denying his motion to disclose the identity of the confidential informant without first conducting an in camera hearing to determine whether the confidential informant could give testimony necessary to a fair determination of

4

Hirst's guilt or innocence or whether the confidential informant could provide evidence of a possible entrapment defense. We review a trial court's denial of a motion to disclose the identity of a confidential informant under an abuse-of-discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Coleman*, 577 S.W.3d at 635; *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist. 2013, pet. ref'd). The trial court's ruling will not be disturbed unless it falls outside the zone of reasonable disagreement. *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8.

Texas Rule of Evidence 508 affords the State a privilege to withhold disclosure of the identity of a person who has provided information to a law enforcement officer that relates to or assists in the investigation of a possible violation of law. Tex. R. Evid. 508(a); *Coleman*, 577 S.W.3d at 635. The privilege against disclosure in Rule 508 is subject to exceptions. Tex. R. Evid. 508(c); *Bodin v. State*, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991). Among them is the subsection (c)(2), providing that the privilege against disclosure does not apply in a criminal case "if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." *See* Tex. R. Evid. 508(c)(2)(A). Further, "[i]f it appears that an informer may be able to give testimony required to invoke this exception [as to determination of guilt or innocence]" and if the State claims the privilege, the court must give the State an opportunity to show, in camera, facts relevant to determining whether the informant can supply that testimony. *Id*. R. 508(c)(2)(C); *Haggerty*, 429 S.W.3d at 8.

"The defendant has the threshold burden of demonstrating that identity must be disclosed." *Bodin*, 807 S.W.2d at 318; *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8. Before a court orders disclosure of the identity of the informant, the informant's potential testimony must be shown to significantly aid the defendant—mere conjecture about possible

5

relevance is insufficient to meet the threshold burden. *Bodin*, 807 S.W.2d at 318; *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8. A defendant seeking disclosure must make a plausible showing of how the informant's information may be important. *Bodin*, 807 S.W.2d at 318; *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8. "Only after a defendant makes a plausible showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary." *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8.

When it is shown that an informant was an eyewitness to an alleged offense, the informant can give testimony necessary to a fair determination of the issues of guilt or innocence. *Coleman*, 577 S.W.3d at 636; *Haggerty*, 429 S.W.3d at 8. But if the information from the informant was used only to establish probable cause for a search warrant or if the informant "merely provided information that led police to investigate a potential offense" and "was neither a participant in the offense for which the accused was charged nor present when a search warrant was executed or an arrest was made," then the informant's identity "need not be disclosed because the testimony is not essential to a fair determination of guilt or innocence." *Coleman*, 577 S.W.3d at 636; *Haggerty*, 429 S.W.3d at 8; *see also Davis v. State*, No. 03-13-00456-CR, 2014 Tex. App. LEXIS 11094, at *13 (Tex. App.—Austin Oct. 8, 2014, no pet.) (mem. op., not designated for publication) (same).

### 1. Testimony necessary to a fair determination of Hirst's guilt or innocence

Hirst contends that because he was charged with possession with intent to deliver a controlled substance, "and not merely possession of a controlled substance, the informer's testimony is relevant to guilt or innocence." However, there was no plausible showing below that the confidential informant's testimony might be necessary to a fair determination of Hirst's

guilt or innocence of possession with intent to deliver a controlled substance. *Cf.* Tex. R. Evid. 508(c)(2); *Bodin*, 807 S.W.2d at 318. When police questioned Hirst about how he got the "meth" that was left with him and whether he agreed to have someone "front [him] some dope," Hirst acknowledged trying to sell it: "I didn't ask him to front me anything. . . . But trying to sell some, I've been trying to sell some. . . . [W]e needed some money for . . . just everyday things like drinks, food, you know." Although Hirst contends that his statements to police at the time of his arrest are "virtually identical" to the facts in *Bodin*—where the defendant presented sufficient information showing that the informer could give testimony necessary to a fair determination of the defendant's guilt—here, the confidential informant did not perform any "controlled buy" of narcotics from Hirst. *See* 807 S.W.2d at 315, 318 (noting that police gave informer $25, arranged for informer to go into defendant's apartment, that "informer emerged with methamphetamine and told police he had purchased it from [defendant]," and that "police used the informer's information to procure a search warrant" that was executed next day).

Further, Detective McGee testified that the confidential informant's involvement in this case was limited to providing information supporting the search warrant. Detective McGee stated that the confidential informant did not participate in or witness any law-enforcement activities, and that the confidential informant was not present during the search or when the methamphetamine was found in the motel room. Similarly, Hirst stipulated that the confidential informant—at least, the man that Hirst suspected was the confidential informant, who had allegedly dropped off the methamphetamine to Hirst at the motel—"was not present at the time that the search warrant was executed."

Crediting Detective McGee's testimony, and given Hirst's statement to police and stipulation at the hearing, the district court could have reasonably found that testimony from the

7

confidential informant would address only the existence of probable cause for the search warrant. Because such testimony would have been unnecessary to a fair determination of Hirst's guilt or innocence for possession with intent to deliver a controlled substance, the district court could have reasonably determined that Hirst failed to meet his threshold burden of showing that disclosure of the confidential informant's identity was required. *See Bodin*, 807 S.W.2d at 318; *Coleman*, 577 S.W.3d at 636; *Haggerty*, 429 S.W.3d at 8; *see also Davis*, 2014 Tex. App. LEXIS 11094, at *13.

## 2. Evidence of possible entrapment defense

In addition to his contention that the confidential informant's testimony would be relevant to the issue of whether he committed the offense of possession with intent to deliver a controlled substance, Hirst further contends that the informer's testimony is relevant because it "could form the basis of an entrapment defense." *See* Tex. Penal Code § 8.06 (addressing entrapment defense); *cf. Bodin*, 807 S.W.2d at 315, 318 (noting that informer who performed "controlled buy" from defendant before search warrant was obtained "could have had information relevant to possible entrapment"). The Court of Criminal Appeals has stated that "evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed." *Bodin*, 807 S.W.2d at 318.

The only evidence that Hirst provided to the district court in support of his belief that "the informant is the same individual that came by the motel room earlier that day" was his custodial statement to police, alleging that a man named "David Stein, or Stein-something," brought the methamphetamine to Hirst's room and left it there. On the other hand, Detective McGee testified that the confidential informant was not present when police executed the search

warrant and further testified that the confidential informant was not a party to any transaction with Hirst involving the methamphetamine. On this record, the district court could have concluded—within the zone of reasonable disagreement—that Hirst did not make a plausible showing that the informant might be the same person responsible for the methamphetamine, beyond his mere conjecture or speculation to that effect in his statement to police. In the absence of that threshold showing, disclosure of the informer's identity was not required. *See Bodin*, 807 S.W.2d at 318.

Moreover, once the district court concluded that Hirst "ha[d] not met the initial burden that is required" for disclosure of a confidential informant's identity, the district court would not have had any reason to proceed with an in camera hearing. "Only after a defendant makes a plausible showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary." *Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8; *see Menefee v. State*, 928 S.W.2d 274, 279 (Tex. App.—Tyler 1996, no pet.) (concluding that trial court did not abuse its discretion by declining conduct in camera hearing or by refusing to order disclosure of informant's identity—in case where defendant alleged that informant could have provided information about whether defendant was entrapped—because "the only testimony was that the arresting officer had personal contact with the informant, that the informant was not present at [defendant]'s arrest, and that the informant was not found during the search of [defendant]'s building").

In sum, the record supports the district court's determination that Hirst failed to make a plausible showing that: (1) the confidential informant's testimony was necessary to a fair determination of Hirst's guilt or innocence of possession with intent to deliver a controlled substance, and (2) the informant could provide evidence of a possible entrapment defense. In the

9

absence of that threshold showing, an in camera hearing was not required. *See Coleman*, 577 S.W.3d at 635; *Haggerty*, 429 S.W.3d at 8; *Menefee*, 928 S.W.2d at 279. Accordingly, we conclude that the district court's determination that an in camera hearing was unnecessary—after the district court determined that Hirst failed to make a threshold showing that the confidential informant could give testimony necessary to a fair determination of Hirst's guilt or innocence or provide evidence of a possible entrapment defense—was not outside the zone of reasonable disagreement and, thus, was not an abuse of the district court's discretion. We overrule Hirst's appellate issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: August 19, 2020

Do Not Publish