ACCEPTED
01-14-00748-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 1:42:39 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00748-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/26/2015 1:42:39 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

## No. 1315689

In the 183rd District Court of
Harris County, Texas

———————◆———————

### JAMES LEE SKINNER
*Appellant*

v.

### THE STATE OF TEXAS
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**ANTHONY ROBINSON**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State requests oral argument only if appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**Anthony Robinson** — Assistant District Attorney at trial

Appellant or criminal defendant:

**James Lee Skinner**

Counsel for Appellant:

**Norm J. Silverman** — Attorney on appeal and at trial

Trial Judge:

**Hon. Jay W. Burnett**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................................ii

IDENTIFICATION OF THE PARTIES ............................................................................ii

TABLE OF AUTHORITIES .............................................................................................v

STATEMENT OF THE CASE ..........................................................................................1

STATEMENT OF FACTS .................................................................................................1

SUMMARY OF THE ARGUMENTS ...............................................................................3

REPLY TO APPELLANT'S FIRST POINT OF ERROR ..............................................4

I. The trial court did not abuse its discretion when upholding the magistrate's probable cause determination as a commonsensical reading of the four corners of the warrant affidavit established that McCord's meeting and investigation with the confidential informant occurred within 48 hours of her writing the affidavit. .......................................................................4

REPLY TO APPELLANT'S SECOND POINT OF ERROR ......................................11

II. Appellant waived his argument that Officer McCord made a material misstatement with reckless disregard for the truth in the warrant affidavit when she swore that she did not find any drugs on the informant when "checking" him before conducting a controlled drug buy because appellant did not raise this argument to the trial court. ...............................................11

a. Appellant did not inform the trial court of his allegation that Officer McCord recklessly disregarded the truth in her affidavit when she stated that she "checked" the informant before and after the controlled drug buy and thus failed to preserve this argument for appellate review. ..........14

b. As Officer McCord "checked" the informant before conducting the controlled buy, her statement that she did not find any narcotics or cash on the informant after "checking" him was not made with reckless disregard for the truth. ...............................................................................17

iii

REPLY TO APPELLANT'S THIRD POINT OF ERROR..........................................20

III. The trial court did not abuse its discretion when it rejected appellant's motion to disclose the identity of the confidential informant....................................20

    a. The trial court did not abuse its discretion in denying appellant's motion to disclose the informant on the theory that the informant could give testimony necessary to a fair determination of appellant's guilt. ..............................................................................................22

    b. The trial court did not abuse its discretion in denying appellant's motion to disclose the informant on the theory that Officer McCord relied on the informant's information to establish probable cause for obtaining her search warrant...................................................24

CONCLUSION ..................................................................................................26

CERTIFICATE OF COMPLIANCE...................................................................27

CERTIFICATE OF SERVICE............................................................................28

iv

# TABLE OF AUTHORITIES

**CASES**

*Bekendam v. State*,
   441 S.W.3d 295 (Tex. Crim. App. 2014) ................................................................ 14, 15

*Blake v. State*,
   125 S.W.3d 717 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ........... 21, 22, 25, 26

*Bodin v. State*,
   807 S.W.2d 313 (Tex. Crim. App. 1991) ...................................................................22

*Cates v. State*,
   120 S.W.3d 352 (Tex. Crim. App. 2003) ...................................................................12

*Franks v. Delaware*,
   438 U.S. 154 (1978) ..........................................................................................12, 13, 18

*Haggarty v. State*,
   429 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ......................23, 24

*Harris v. State*,
   227 S.W.3d 83 (Tex. Crim. App. 2007) ...........................................................12, 13, 15

*Janecka v. State*,
   937 S.W.2d 456 (Tex. Crim. App. 1996) ...................................................................13

*Jones v. State*,
   338 S.W.3d 725 (Tex. App.—Houston [1st Dist.] 2011),
   *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012) ........................................ 5, 6, 9, 10, 12

*Pabst v. State*,
   No. 14-13-00856-CR, 2015 WL 2394958
   (Tex. App.—Houston [14th Dist.] May 19, 2015, no pet. h.) ....................................16

*Perez v. State*,
   414 S.W.3d 784 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ..............................21

*Resendez v. State*,
   306 S.W.3d 308 (Tex. Crim. App. 2009) ................................................................ 14, 15

*Shedden v. State*,
   268 S.W.3d 717 (Tex. App.—Corpus Christ 2008, pet. ref'd)....................................25

*State v. Griggs*,
   352 S.W.3d 297 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)......................6, 9

*State v. McLain*,
  337 S.W.3d 268 (Tex. Crim. App. 2011) ................................................................. 5, 6, 8

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2014) ....................................6


**RULES**

TEX. R. APP. P. 9.4(g) ......................................................................................................ii

TEX. R. APP. P. 9.4(i) ......................................................................................................27

TEX. R. APP. P. 33.1(a) ...................................................................................................14

TEX. R. APP. P. 38.2(a)(1)(A) .........................................................................................ii

TEX. R. APP. P. 39.1 .........................................................................................................ii

TEX. R. EVID. 508(a) .......................................................................................................21

TEX. R. EVID. 508(c) .......................................................................................................21

TEX. R. EVID. 508(c)(2) ..................................................................................................21

TEX. R. EVID. 508(c)(2)(A) ............................................................................................23

TEX. R. EVID. 508(c)(2)(C) .............................................................................................23

TEX. R. EVID. 508(c)(3) ...................................................................................... 22, 24, 25


**OTHER AUTHORITIES**

Merriam-Webster Online, *Definition of CHECK*,
http://www.merriam-webster.com/dictionary/check
(last visited May 26, 2015) .............................................................................................19

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with possession of methamphetamine, weighing more than 4 grams and less than 400 grams, with intent to deliver (CR at 15). After the trial court denied various pretrial motions filed by appellant, he pleaded guilty to the offense of possession of methamphetamine, weighting more than 4 grams and less than 200 grams (CR at 212, 214, 218). The trial court deferred appellant's adjudication and placed him on community supervision for ten years (CR at 218). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (CR at 225, 227).

## STATEMENT OF FACTS

The legitimacy of a search warrant executed to search appellant's residence for drugs, including methamphetamine, is central to this case on appeal. A magistrate issued the warrant in question after Officers McCord and Yencha conducted an investigation involving a confidential informant's controlled buy of methamphetamine at appellant's Hazard Street residence on August 3, 2011 (2 RR at 16-17, 25, 45, 60; Def. Ex. 1, 2). At the meeting with the informant, Officer McCord searched him by turning out his pockets and patting him down to ensure that he did not have any contraband or cash on his person (2 RR at 16, 17, 18, 51, 87; Def. Ex. 1). Officer McCord then gave the informant an amount of City of Houston money with which to purchase methamphetamine from appellant's residence (2 RR at 87, Def. Ex. 1).

1

Officer Yencha moved into a position where he could observe appellant's residence while Officer McCord followed the informant as he walked to appellant's home and entered the residence (2 RR at 17, 18, 20-21, 24, 49, 50, 64-65, 67, 106; Def. Ex. 1). While Officer McCord had to turn her vehicle, Officer Yencha maintained surveillance on the premises (2 RR at 24, 52, 89). However, Officer McCord regained visual contact on the location and, like Officer Yencha, saw the informant exit appellant's residence (2 RR at 24, 29, 30, 52, 79, 83, 84, 89; Def. Ex. 1). She followed the informant as he walked north, and he got into her car (2 RR at 30-31, 75-75; Def. Ex. 1). Officer McCord checked the informant again and discovered that while he was missing the cash that she had given him, he now had about a gram of methamphetamine (2 RR at 31, 86-87; Def. Ex. 1). The informant told Officer McCord that someone he knew to be appellant sold him the drug and told him he could come back at any time for more (Def. Ex. 1). Officer McCord then drafted a search warrant affidavit with this information (Def. Ex. 1). The warrant was obtained, and Officers McCord and Yencha timely executed it (2 RR at 40; Def. Ex. 1). When asked by the officers during the search, appellant gave up his house key as well as the code to his safe, and the officers found methamphetamine, marijuana, and over a nineteen hundred dollars during their search (2 RR at 57, 59; Def. Ex. 1).

2

In various pretrial motions, appellant sought to suppress the evidence found during the search (CR at 33-47).[1] The trial court held a hearing in which appellant argued that the warrant affidavit did not establish probable cause because the four corners did not specifically mention when the controlled buy occurred, that the warrant affidavit contained intentional, material misstatements regarding whether Officers McCord and Yencha were able to observe the informant and which door the informant entered when conducting the controlled buy, and that the identity of the informant should be disclosed because his information was crucial to whether the warrant affidavit contained misstatements and was relevant to who sold him the methamphetamine during the controlled buy (2 RR at 113-18; 4 RR at 5-6). The trial court conducted an in camera hearing with the confidential informant before rejecting appellant's motions and adopting the State's proposed findings of fact and conclusions of law (4 RR at 5, 8-9).

## SUMMARY OF THE ARGUMENTS

As the warrant affidavit informed the magistrate when Officer McCord's meeting with the confidential informant occurred and a commonsensical interpretation of the affidavit established that the subsequent controlled buy of

---

[1] The trial court's docket sheet shows that appellant filed a motion to suppress, motion to strike false statements, and motion to disclose the State's confidential informant, but the clerk's record does not contain these documents (CR at 236). Appellant filed a motion to supplement the clerk's record with the motion but the clerk was unable to supplement the record with these motions (Supp. CR).

methamphetamine occurred at that meeting, the trial court did not abuse its discretion in upholding the magistrate's probable cause determination.

Appellant waived the argument that the warrant affidavit contained a material misstatement made with reckless disregard of the truth regarding how thoroughly Officer McCord searched the confidential informant before the controlled buy because appellant did not present this argument to the trial court.

The trial court did not abuse its discretion in denying appellant's motion to disclose the identity of the informant because the informant's testimony was not necessary to a fair determination of appellant's guilt as the informant did not participate in the offense and was not present during the search. Additionally, the trial court did not err in finding the informant and his information to be reliable.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

**I.** **The trial court did not abuse its discretion when upholding the magistrate's probable cause determination as a commonsensical reading of the four corners of the warrant affidavit established that McCord's meeting and investigation with the confidential informant occurred within 48 hours of her writing the affidavit.**

In his first point of error, appellant alleges that the trial court erred when denying his motion to suppress on the basis that the warrant affidavit was insufficient on its face to show when the controlled buy occurred. Appellant bases his argument on the fact that Officer McCord only included one temporal reference in her warrant affidavit. However, Officer McCord's statement that she met with the confidential

4

informant within 48 hours of writing the affidavit and that during meeting but before the investigation she checked the informant for drugs or money provided a reasonable inference that the controlled buy occurred within that timeframe. Since a commonsensical interpretation of the four corners of the affidavit provided a 48 hour timeframe in which Officer McCord obtained her information that appellant possessed and sold methamphetamine, the trial court did not err in denying appellant's motion.

### Standard of Review

When a defendant seeks to suppress the fruits of a search by claiming that the magistrate had no probable cause to issue a search warrant, reviewing courts review the magistrate's determination of probable cause with "great deference" instead of reviewing the determination de novo. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Jones v. State*, 338 S.W.3d 725, 732-33 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012). The reviewing court is constrained to the four corners of the affidavit during this review. *McLain*, 337 S.W.3d at 271. The courts "interpret[s] the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *McLain*, 337 S.W.3d at 271 (quoting *Rodriguez v. State,* 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)); *see Jones*, 338 S.W.3d at 733. As long as the magistrate had a substantial basis for concluding that probable cause existed, the reviewing court will uphold the magistrate's probable cause determination. *McLain*, 337 S.W.3d at 271.

5

*Applicable Law*

The Fourth Amendment strongly prefers that searches be conducted pursuant to a warrant. *McLain*, 337 S.W.3d at 271. A magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found at a particular location. *McLain*, 337 S.W.3d at 272; *see* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2014) ("No search warrant shall issue for any purpose […] unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance[,]" and "[a] sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested."). Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location. *McLain*, 337 S.W.3d at 272.

As this Court has noted, in order to issue a search warrant, a magistrate must be able to ascertain that "it is *now probable* that contraband ... *will be* on the described premises when the warrant is executed." *Jones*, 338 S.W.3d at 736 (quoting *United States v. Grubbs*, 547 U.S. 90, 96 (2006)) (italics in original). The magistrate must be able to ascertain the time of the events that forms the basis of probable cause from the affidavit, *Jones*, 338 S.W.3d at 736, and the facts stated in the affidavit must be closely related in time to the issuance of the warrant to justify a finding of probable cause at that time. *McLain*, 337 S.W.3d at 272; *State v. Griggs*, 352 S.W.3d 297, 304 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

6

*Analysis*

The trial court did not err when it rejected appellant's argument that the four corners of the warrant affidavit failed to provide a timeframe in which the informant's controlled purchase of methamphetamine from appellant's residence occurred. The trial court did not abuse its discretion in finding that the magistrate determined recent probable cause through Officer McCord's statements that her meeting with the informant and the investigation involving the informant's controlled buy occurred within 48 hours of her writing the affidavit and that appellant informed the informant that he had more methamphetamine which the informant could come back and purchase at anytime. Since the trial court's review of the magistrate's determination recognized the reasonable inference the magistrate could have drawn and interpreted the affidavit in a commonsensical and realistic manner, the court did not err.

As a review of the four corners of the warrant affidavit shows, Officer McCord provided a timeframe for the events by stating when she met with the informant (Def. Ex. 1). In the affidavit she wrote: "within the past forty eight (48) hours, Houston Police Sergeant J. Yencha and your Affiant met with a credible and reliable confidential informant regarding narcotics activity at [appellant's residence] located in Houston, Harris County, Texas" (Def. Ex. 1). Officer McCord next discusses the previous working relationship with the confidential informant within the same paragraph. Starting in the next paragraph, she then mentions searching the confidential informant for drugs or money at the meeting: "affiant did not find any

7

illegal narcotics and money after checking the confidential informant during the meeting and before or after the investigation" (Def. Ex. 1). In the next paragraph, Officer McCord then states that the informant obtained methamphetamine from appellant during the investigation and informed her that appellant had told the informant that "he had more methamphetamine and that [the informant] could come back anytime to get more" (Def. Ex. 1).

Since Officer McCord does not mention any other meeting with the informant in the affidavit, any magistrate would be reasonable in inferring that the affiant's meeting with the informant with 48 hours of her drafting the affidavit is the same meeting where the informant conducted a controlled buy to investigate whether appellant's possessed methamphetamine with intent to deliver. *See McLain*, 337 S.W.3d at 272 ("Reviewing courts should not 'invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner.' When in doubt, the appellate court should defer to all reasonable inferences that the magistrate could have made."). It is reasonable from the four corners of the affidavit that the meeting described in paragraph two is this same meeting referred to in the first paragraph that occurred within 48 hours of the affidavit being written. *See McLain*, 337 S.W.3d at 273 (holding that the lower court failed to apply a deferential standard of review to the magistrate's determination since the affidavit mentioned that "[i]n the past 72 hours" the affiant received information from a confidential informant regarding McLain's possession of a large amount of methamphetamine). Because a reasonable reading of

the affidavit indicates that the meeting with the confidential informant and the subsequent investigation involving a controlled drug buy both occurred within 48 hours of the affidavit being presented to the magistrate, the court did not abuse its discretion in finding that that information was not stale. *See Griggs*, 352 S.W.3d at 303-04 (holding that since the affidavit reflected that the affiant conducted a controlled buy at Griggs's residence within the "past 48 hours," the affidavit provided a timeframe from which the magistrate could determine that the evidence sought would be at the location when the warrant was issued).

Additionally, Officer McCord included appellant's invitation to the informant to "come back anytime to get more methamphetamine" and assurance that appellant had more meth in the affidavit (Def. Ex. 1). This information provided probable cause that appellant's possession and delivery of narcotics was ongoing. *See Jones*, 338 S.W.3d at 736-37 ("Facts indicating ongoing criminal activity have long been recognized as diminishing the importance of establishing a specific and immediate time period in the affidavit."). As the magistrate could have reasonably inferred from the four corners of the affidavit that methamphetamine would be found at appellant's residence from the information regarding appellant's continual narcotics possession, the affidavit supports the magistrate's probable cause determination and the trial court's ruling denying appellant's motion to suppress.

Indeed, Officer McCord's affidavit provides a more specific timeframe than that mentioned in the affidavit that this Court reviewed in *Jones v. State*. In that case,

9

the affidavit stated that the affiant "recently received informant from a confidential informant in reference to crack cocaine being sold out of [Jones's] residence," and after obtaining the information, affiant "began a narcotics investigation" which resulted in the affiant determining that drug offenses were "currently taking place" at the residence. *Jones*, 338 S.W.3d at 735-36. In deciding "whether the lack of a specific date or time is fatal in [that] case or whether the totality of the affidavit nonetheless justified the magistrate's finding of probable cause," this Court held that the "temporal references within the affidavit," combined with the suggestion of "a continuing criminal operation" and the affiant's "current" belief that a search would uncover cocaine, allowed the magistrate to determine from the four corners of the affidavit that there was a substantial basis for concluding that a search would reveal evidence of wrongdoing.[2] *Jones*, 338 S.W.3d at 736, 738. Unlike the affidavit in *Jones*, Officer McCord's affidavit provided a specific timeframe—48 hours—as well as information regarding appellant's continuing possession and intent to sell methamphetamine. Thus, as in *Jones*, the affidavit supported the magistrate probable cause determination.

Because the four corners of the affidavit provided probable cause of appellant's ongoing possession of and act of selling methamphetamine, the trial court did not

---

[2] Officer McCord also affirmed her belief that appellant was currently in possession of methamphetamine by her use of the present tense when she stated, "[i]t is the belief of affiant that [appellant] has possession of and is concealing at [his residence] in violation of the laws of the State of Texas [methamphetamine]" (Def. Ex. 1).

abuse its discretion in upholding that magistrate's determination of probable cause. Officer McCord's affidavit indicated that her information was not stale since she met with the informant within 48 hours of its writing, and a reasonable inference of her sworn statement would be that the informant's controlled buy occurred at that meeting. Because the trial court did not abuse its discretion in applying great deference to the magistrate's determination and interpreting the affidavit in a commonsensical manner, this Court should uphold the trial court's ruling and overrule appellant's first point of error.

## REPLY TO APPELLANT'S SECOND POINT OF ERROR

**II. Appellant waived his argument that Officer McCord made a material misstatement with reckless disregard for the truth in the warrant affidavit when she swore that she did not find any drugs on the informant when "checking" him before conducting a controlled drug buy because appellant did not raise this argument to the trial court.**

In his second point of error, appellant contends that the trial court erred in denying his *Franks* motion on the ground that Officer McCord recklessly disregarded the truth in her warrant affidavit when she swore that she did not find any narcotics or money on the confidential informant when "checking" him before and after the controlled buy. Appellant bases his allegation on Officer McCord's description of her search and appellant's belief that it was inadequate to reveal small amounts of narcotics. In making his argument, however, appellant overlooks that he did not

11

present this specific allegation to the trial court and thus failed to preserve his argument for appellate review.

## Standard of Review

Appellate courts review a trial court's ruling on a *Franks* suppression issue under a mixed standard of review that gives almost total deference to the trial court's ruling on questions of fact that depend upon evaluations of credibility and demeanor but review de novo the application of the law. *Jones*, 338 S.W.3d at 739.

## Applicable Law

While the affidavit supporting a search warrant begins with a presumption of validity, *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003), the Supreme Court held in *Franks v. Delaware* that a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly, intentionally, or with reckless disregard for the truth is entitled to a hearing in which the defendant can have the false statement set aside if the defendant establishes his allegations of perjury or reckless disregard for the truth by a preponderance of the evidence. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). If the defendant meets this burden and the false statement is material to the affidavit's showing of probable cause, the warrant must be voided and the fruits of the search excluded. *Franks*, 438 U.S. at 156; *Harris*, 227 S.W.3d at 85.

12

However, as the Supreme Court explained in *Franks*, the Fourth Amendment's demand for a truthful showing of probable cause does not "mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct." *Franks*, 438 U.S. at 165; *see Janecka v. State*, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996) (quoting *Franks*). The Court instead stated that the statement must "be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165.

In order for a trial court to grant a defendant a *Franks* hearing, the defendant must first allege that the affiant deliberately or with reckless disregard for the truth included a false statement in the affidavit and must specifically point to the portion of the affidavit that the defendant alleges to be false. *Harris*, 227 S.W.3d at 85. Next, the defendant must accompany his allegations with an offer of proof stating the reasons supporting his claim that the statement was false and made intentionally, knowingly, or with reckless disregard for the truth. *Harris*, 227 S.W.3d at 85. Finally, the defendant must show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support a finding of probable cause. *Harris*, 227 S.W.3d at 85. The specific allegations and evidence must be apparent in the defendant's pleadings for a trial court to entertain a *Franks* hearing. *Harris*, 227 S.W.3d at 85.

According to the Rule 33.1(a) of the Texas Rules of Appellate Procedure, an argument is not preserved for appellate review unless it was made to the trial court

13

"by a timely request, objection or motion" that "stated the ground of the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). As the Court of Criminal Appeals has explained:

> The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint. Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."
> *Resendez*, 306 S.W.3d at 312-13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

Not only must the defendant timely and specifically object, his argument before the trial court must comport with his argument on appeal. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

*Analysis*

a. **Appellant did not inform the trial court of his allegation that Officer McCord recklessly disregarded the truth in her affidavit when she stated that she "checked" the informant before and after the controlled drug buy and thus failed to preserve this argument for appellate review.**

As the record shows, appellant failed to preserve his argument that Officer McCord's statement that she "checked" the informant was an intentional

14

misrepresentation material to the finding of probable cause because he did not raise it to the trial court. *See Harris*, 227 S.W.3d at 85 (holding that a defendant must specifically point to the portion of the affidavit he alleges to be false). While appellant raised multiple *Franks* allegations, presented evidence, and made arguments to the court in a pretrial hearing, his allegation on appeal does not comport with those he raised to the court. *See Bekendam*, 441 S.W.3d at 300.

As the record shows, at the *Franks* hearing appellant did not mention to the court that he believed Officer McCord's statement that she "checked" the informant was false. *See Harris*, 227 S.W.3d at 85. Instead, his arguments focused on Officer McCord's statements that swore that she and Officer Yencha watched the informant go to appellant's residence and how appellant believed that the term "residence" was too vague and open to interpretation (2 RR at 113-17). Appellant presented evidence to support his belief that it was "absolutely impossible" for a person situated where the officers testified they were positioned during the controlled buy to see appellant's residence (2 RR at 114). Appellant also argued to the court that "by using the inartful or the less precise term, 'the residence,' the affidavit is misleading" (2 RR at 114).[3] However, when asking the trial court to strike the statements that the affiant followed the informant to the residence, saw him enter and then leave the residence, appellant

---

[3] The State's arguments before the trial court also reflect that appellant did not raise the issue of the Officer McCord's "checking" the informant as the State did not mention the issue but instead focused on the arguments appellant presented to the court at the hearing (2 RR at 119-23). *See Resendez*, 306 S.W.3d at 312 (noting that one of the purposes of preserving error is to give opposing counsel the opportunity to respond).

15

did not mention the allegation he presents on appeal involving Officer McCord's statement regarding how she "checked" the informant (2 RR at 115-16).[4] Even after the trial court instructed appellant to be explicit in his arguments regarding what statements appellant believed were false in the warrant affidavit, appellant only pointed to the statements involving how the officers watched the informant enter and leave appellant's particular residence and on his claim that the term "residence" was too vague and open to interpretation (2 RR at 113).[5]

Significantly, appellant's proposed findings of fact and conclusions of law also omitted any mention regarding Officer McCord's statement of how she searched the informant before the controlled buy (CR at 57-60). Instead, appellant asserted findings supporting the arguments he presented at the hearing regarding the residence and the affiant's ability to see the informant enter and leave the residence (CR at 57-60). Appellant's proposed findings details several specific statements appellant alleged to be false and made with reckless disregard for the truth, but Officer McCord's statement of how she "did not find any illegal narcotics and money after checking the confidential informant" was not among them (Def. Ex. 1; CR at 59-60).

---

[4] While appellant did develop testimony regarding how Officer McCord "checked" the informant at the hearing, he did not present arguments to the trial court asserting that that statement was also false. As the Fourteenth Court of Appeals recently held in *Pabst v. State*, developing testimony addressing an issue raised on appeal does not preserve error when a defendant does not include the issue in motions or arguments before the trial court. *Pabst v. State*, No. 14-13-00856-CR, 2015 WL 2394958, at *4 (Tex. App.—Houston [14th Dist.] May 19, 2015, no pet. h.).

[5] Trial court told appellant's counsel, "If you're going to argue, then be sure you cover that portion of the evidence during this hearing regarding exactly what is the other misrepresentation or recklessness or falsity of statements" (2 RR at 112).

16

As appellant did not notify the trial court that he specifically wanted to alleged that Officer McCord's statement that she "did not find any illegal narcotics and money after checking the informant" was also falsely made with reckless disregard for the truth, appellant failed to preserve his second point of error on appeal.[6] Because his arguments to the trial court does not comport with his argument on appeal, appellant failed to preserve the arguments he makes in his second point of error on appeal. Thus, this Court must hold that it is waived.

### b. As Officer McCord did "check" the informant before conducting the controlled buy, her statement that she did not find any narcotics or cash on the informant after "checking" him was not made with reckless disregard for the truth.

However, even if this Court decides to address appellants unpreserved allegations on the merits, appellant has not meet his burden of showing that Officer McCord made a false statement with reckless disregard for the truth when affirming in her affidavit that she did not find any drugs or money on the informant after "checking" him (Def. Ex. 1). Appellant posits in his brief that Officer McCord's choice of the word "check" is a misrepresentation under *Franks* because her search of the informant was not infallible and was thus misleading. However, even when

---

[6] Appellant's *Franks* motion is not included in the record on appeal (CR). While the record shows that appellant filed a motion to supplement the record with his Frank's motion, the district clerk was unable to supplement the record with the motion (Supp. CR). Assuming that the motion is lost, this Court cannot speculate that appellant raised this argument to the trial court, especially when his argument at the hearing—in which the trial court asked him to be specific about the points he wanted it to entertain—and his fact-finding in his proposed findings of fact and conclusions of law did not mention this argument that he now presents on appeal.

17

advancing this allegation on appeal, appellant fails to meet his burden under *Franks* because Officer McCord's statement was not false; instead, as her testimony shows, she believed the statement that she "checked" the informant was true.

As the Supreme Court explained in *Franks*, a statement is not considered false if the affiant accepts or believes that the statement is true. *Franks*, 438 U.S. at 165 (stating that a statement is "truthful" when "the information put forth is believed or appropriately accepted by the affiant as true"). Officer McCord's testimony reflects that she put forth a statement that she believed to be true when she affirmed in the warrant affidavit that she "did not find any illegal narcotics and money after checking the confidential informant during the meeting and before and after the investigation" (Def. Ex. 1). As Officer McCord testified to the trial court at the hearing, she "checked" the informant before and after the controlled buy by patting down the informant's clothes and turning out his pockets (2 RR at 18).[7] While she mentioned

---

[7] Officer McCord's testimony was as follows:

> [Appellant]: [T]ell us what you did to search the informant.
> [McCord]: I check to see if they have anything on their person.
> [Appellant]: How did you do that?
> [McCord]: I empty the pockets, that kind of thing.
> [Appellant]: Okay. Did you do a thorough pat-down?
> [McCord]: As far as touching?
> [Appellant]: Yes.
> [McCord]: Yes.
> [Appellant]: Did you look in places as an experienced officer you know people at times conceal drugs?
> [McCord]: Just on their person. I didn't do any strip searching, cavity searching, none of that stuff. I just did the pockets and a normal pat-down (2 RR at 18).

18

that she did not conduct a strip or cavity search of the informant, her testimony establishes that her "normal" search fits the definition of the word "check" (2 RR at 18). *See* Merriam-Webster Online, *Definition of CHECK*, http://www.merriam-webster.com/dictionary/check (last visited May 26, 2015) (defining some meanings of "check" as an "examination," "inspection," "investigation," or "the act of testing or verifying"). Moreover, Officer McCord's testimony—which the trial court found credible—in which she again used the word "check" supports that she believed that by patting down the informant's clothes and turning out his pockets, she was adequately "checking" him for drugs and cash (2 RR at 18; CR at 64).

Indeed, appellant does not quibble with Officer McCord's credibility and concedes that the trial court found her testimony believable. Appellant's Br. 16. Instead, the only evidence appellant can identify to make his argument on appeal in support of his *Franks* allegation is Officer McCord's concession at the hearing that a "possibility" existed that her search might not find a gram of methamphetamine:

> [Appellant]: [I]f you were patting somebody down and they had a small plastic baggie with meth in it, that's not something that you will really feel in a pat-down, is it?
> [McCord]: Possibly.
> [Appellant]: Sure, possibly. But not likely, right?
> [McCord]: Depends (2 RR at 87).

However, her recognition that a possibility existed that a pat-down and turning out of one's pockets could conceivably miss a small bag of narcotics did not help appellant meet his burden of proof of showing that Officer McCord misrepresented her actions

19

with reckless disregard for the truth in her affidavit. Officer McCord's search of the informant was adequately captured in the warrant affidavit by her choice of the word "check," a word which she used again in her testimony before the court to describe her search of the informant (2 RR at 18).

Thus, even if this Court decides to address appellant's unpreserved *Franks* allegation, it nevertheless should hold that Officer McCord did not make a false statement with reckless disregard for the truth when she swore that she "checked" the informant when she patted him down and turned out his pockets. As she believed her statement, the trial court would not have abused its discretion had appellant preserved his argument. As such, this Court should overrule appellant's second point of error.

## REPLY TO APPELLANT'S THIRD POINT OF ERROR

**III. The trial court did not abuse its discretion when it rejected appellant's motion to disclose the identity of the confidential informant.**

In his final point of error, appellant argues that the trial court erred when it denied his motion to disclose the identity of Officer McCord's confidential informant. Appellant contends that the court abused its discretion because the informant could have offered testimony regarding who sold him methamphetamine when Officer McCord conducted the controlled buy which appellant believes establishes a reasonable probability that this testimony is necessary to the determination of appellant's guilt. Appellant also asserts that the trial court should have disclosed the

20

informant's identity because the information provided by the informant was central the legality of the evidence obtained by the search warrant. The State will respond to both of appellant's arguments in turn.

## *Standard of Review*

Appellate courts review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Perez v. State*, 414 S.W.3d 784, 789 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Under this standard, the reviewing court will affirm the judgment unless the trial court's ruling was so clearly wrong as to lie outside that zone of reasonable disagreement. *Blake v. State*, 125 S.W.3d 717, 728 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## *Applicable Law*

As a general rule, the State has a privilege to withhold the informant's identity. TEX. R. EVID. 508(a); *see Blake*, 125 S.W.3d at 728. However, there are exceptions to this privilege. TEX. R. EVID. 508(c); *see Blake*, 125 S.W.3d at 728. Rule of Evidence 508(c)(2) requires the State to disclose an informant's identity if the court finds that a reasonable probability exists that the informant can provide testimony necessary to a fair determination of guilt or innocence. TEX. R. EVID. 508(c)(2). Additionally, the Rule gives the court discretion to order the State to disclose the informant's identity if the "information from an informer is relied on to establish the legality of the means by which evidence was obtained" and "the court is not satisfied that the information

21

was received from an informer reasonably believed to be reliable or credible." TEX. R. EVID. 508(c)(3).

When a defendant files a motion to disclose the identity of the State's confidential informant under Rule 508's exception, the defendant bears the threshold burden of demonstrating that the informant's identity must be disclosed. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Blake*, 125 S.W.3d at 728. The Court of Criminal Appeals has noted that the defendant must show that the informant's potential testimony will significantly aid the defendant and that "mere conjecture of supposition about possible relevance is insufficient" to require the disclosure of the informant's identity. *Bodin*, 807 S.W.2d at 318.

### a. The trial court did not abuse its discretion in denying appellant's motion to disclose the informant on the theory that the informant could give testimony necessary to a fair determination of appellant's guilt.

The trial court did not err when it denied appellant's motion to disclose the identity of the informant over appellant's argument that the informant's testimony was necessary to a fair determination of appellant's guilt. As the informant's possible testimony regarding who sold him the methamphetamine during the controlled buy would not have been necessary to a fair determination of whether appellant possessed a large amount of methamphetamine, the trial court did not abuse its discretion.

Appellant argues that he met his burden of showing that the identity of the informant needed to be disclosed because the informant could provide "relevant"

testimony regarding who sold the drugs during the controlled buy.[8]  Appellant points to the evidence he offered to the court to show that he was not at his residence at or near the time the controlled by took place to support disclosure.  However, appellant's arguments ignore that the informant's information was only used to establish probable cause for the search warrant and that the informant neither participated in the offense for which appellant was charged nor was present when the search warrant was executed.  *See Haggarty v. State*, 429 S.W.3d 1, 8 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd) (noting that an informant's identity does not need to be disclosed under Rule 508(c)(2) when the informant's information is only used to establish probable cause). As the informant was not present when the officers executed their search warrant, he could offer no necessary testimony to the determination of appellant's guilt.

Indeed, this Court's sister court upheld a similar ruling by a trial court in *Haggarty v. State*.  Despite Haggarty's claim that the informant's identity needed to be disclosed for a fair determination of guilt because Haggarty presented the court with evidence that another person was inside his home at the time the informant purchased cocaine, the Fourteenth Court of Appeals held that Haggarty did not meet the threshold burden of showing that the informant's testimony was necessary.  *Haggarty*,

---

[8] Appellant uses a relevancy standard for his arguments in his brief.  Appellant's Br. 3, 26.  However, the standard set in Rule 508(c)(2) is "necessary to a fair determination of guilt" rather than relevancy. TEX. R. EVID. 508(c)(2)(A).  The Rule only mentions relevancy in discussing the State's burden in the in camera hearing.  TEX. R. EVID. 508(c)(2)(C).

23

429 S.W.3d at 8-9. The Court's holding centered on the fact that Haggarty failed to meet his burden of showing that the confidential informant participated in the offense or in the execution of the search warrant. *Haggarty*, 429 S.W.3d at 9.

Like the trial court in *Haggarty*, the trial court did not abuse its discretion in denying appellant's motion. Indeed, the court's ruling indicates that it probed the informant during the in camera hearing and, through this hearing, found it "manifestly clear" that "the informant would not be able to give testimony necessary to a fair determination of guilt or innocence in this case" (4 RR at 8-9). As the finder of fact, the trial court did not abuse its discretion in rejecting appellant's motion after conducting the in camera hearing. Thus, the trial court did not err, and this Court should overrule appellant's point of error on this ground.

b. **The trial court did not abuse its discretion in denying appellant's motion to disclose the informant on the theory that Officer McCord relied on the informant's information to establish probable cause for obtaining her search warrant.**

Appellant also contends that the trial court abused its discretion when rejecting his motion on the grounds that the informant had evidence relevant to the legality of the search warrant. Appellant argues that because appellant offered evidence indicating that he was away from his residence when the controlled buy occurred, the informant's credibility was in question. However, after meeting with the informant in an in camera hearing, the trial court ruling indicates that it found that the informant was credible and reliable. TEX. R. EVID. 508(c)(3) (giving trial court discretion to

24

disclose identity of the defendant); *see Blake*, 125 S.W.3d at 728 ("Rule 508(c)(3) is written in discretionary terms"). As the finder of fact, the trial court would not abuse its discretion in rejecting appellant's motion.

While Officer McCord relied on the informant's information to establish the probable cause, Rule 508(c)(3) requires both that the informant's information is relied upon to establish the legality of the means by which the evidence was obtained and that the trial court is not be satisfied that the information obtained by the informant was reasonably believed to be reliable or credible. TEX. R. EVID. 508(c)(3); *see Blake*, 125 S.W.3d at 728. As the sole judge of the credibility of witnesses, the court was entitled to believe Officer McCord's affidavit swearing that the informant was credible and reliable, Officer Yencha's testimony that he has worked with the informant in other cases, and the court's own observations of the informant during the in camera hearing (2 RR at 45; 3 RR; Def. Ex. 1). *See Shedden v. State*, 268 S.W.3d 717, 732 (Tex. App.—Corpus Christ 2008, pet. ref'd) (holding that the trial court did not abuse its discretion in rejecting Shedden's motion to disclose the confidential informant under Rule 508(c)(3) despite evidence presented by Shedden that he was not home for most of the 48 hour period when the informant conducted a controlled drug buy).

Given that this hearing occurred in camera and the record is sealed, this Court can review it to determine whether the trial court abused its discretion in light of the informant's testimony (3 RR). However, if there is nothing in the record to indicate that the trial court was not satisfied with the informant's reliability or credibility, then

25

the trial court did not abuse its discretion in refusing to order the disclosure of the informant. *Blake*, 125 S.W.3d at 728. Given the discretion given to trial courts when deciding whether to disclose an informant's identity under Rule 508(c)(3), this Court should hold that the trial court did not err when denying appellant's motion and overrule appellant's third point of error.

## CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's points of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

26

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 6,701 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

## CERTIFICATE OF SERVICE

The State will serve a copy of the foregoing instrument to appellant's attorney

though TexFile:

Norman J. Silverman
Attorney at Law
917 Franklin, 4th Floor
Houston, Texas 77002
lawyernorm@msn.com

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

Date:  May 26, 2015

28